FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 2 0 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANA THOMAS,

        Plaintiff,

    v.

BEVERLY HARVARD, et
al.,

        Defendants.

CIVIL ACTION

NO. 1:05-CV-1292-RLV

## O R D E R

This is an action pursuant to 42 U.S.C. § 1983, in which the plaintiff also asserts state law causes of action.  Pending before the court is a motion to dismiss certain parties and claims [Doc. No. 4].

### I. Procedural History

The following facts are gleaned from the court's review of the record and the parties' submissions.  The events that gave rise to this suit occurred outside of a bar in Atlanta, Georgia, on June 2, 2001. On December 27, 2001, the plaintiff filed his original complaint ("Original Complaint") in the State Court of DeKalb County, Georgia.  On January 30, 2002, defendants City of Atlanta and Fulton County filed a notice of removal pursuant to 28 U.S.C. § 1441 and 1446.[1]  On February 5, 2002, the plaintiff filed a motion to remand the action to DeKalb County.  By order dated

---

[1] The court notes that at the time of the defendants' first notice of removal dated January 30, 2002, Officer Dennis Wilson was not yet a party to this action.

April 24, 2002, this court remanded the case to DeKalb County, having concluded that the defendants' notice of removal was defective because not all of the defendants had properly consented to the notice of removal.

On July 3, 2003, defendant Carter B. Jackson, who was identified as Carter B. Johnson in the Original Complaint, filed a motion to dismiss on the basis of insufficient service of process in the state court. On May 3, 2004, the plaintiff filed a motion styled "Motion for Leave of Court to Amend Pleadings and Add and Serve Newly Discovered John Doe Defendants." On December 30, 2004, the City of Atlanta filed a motion for summary judgment. On January 5, 2005, the Fulton County Sheriff, Beverly Harvard, filed her motion for summary judgment. On January 21, 2005, World Bar, Inc., and its individual defendants, filed a motion for summary judgment. At the time the defendants filed their motions for summary judgment, the DeKalb County judge had not ruled on the plaintiff's "Motion for Leave of Court to Amend Pleadings and Add and Serve Newly Discovered John Doe Defendants."

On April 13, 2005, the state court judge heard several of the motions. On April 14, 2005, the state court judge granted defendant Carter B. Jackson's (Johnson) motion to dismiss based on lack of personal jurisdiction, issued an order for plaintiff's counsel to submit his amended complaint no later than April 22, 2005, and ordered the defendants to submit their objections to and motions regarding the newly amended complaint no later than May 23, 2005. According to the April 14, 2005, order, the plaintiff would have had until June 24, 2005, to file his response to any of the

2

defendants' objections and/or motions, and the court was scheduled to hear all pending motions, including the defendants' motions for summary judgment, on July 12, 2005.

On April 20, 2005, the plaintiff filed a complaint styled "Amended and Restated Complaint", ("Amended and Restated Complaint"). The Amended and Restated Complaint submitted by the plaintiff on April 20, 2005, was different from the complaint accompanying the plaintiff's motion styled, "Motion for Leave of Court to Amend Pleadings and Add and Serve Newly Discovered John Doe Defendants" filed on May 3, 2004. On May 15, 2005, the defendants, which included the recently added defendant Officer Dennis Wilson, filed a notice of removal, with removal being premised on federal question jurisdiction under 28 U.S.C. § 1331. On May 24, 2005, the plaintiff filed a motion to remand.

On May 25, 2005, defendants Beverly Harvard, Carter B. Jackson, who was identified as Carter B. Johnson in both the Original and Amended and Restated Complaint, Major Leanver Robinson, City of Atlanta police officers T.O. Robinson, Thomas Owen Munson, Jr., Dennis Wilson, former Mayor Bill Campbell and the City of Atlanta (hereinafter referred to as the "City Defendants") filed a motion to dismiss certain parties and dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(1)(2) and (6) [Doc. No. 4]. Specifically, the City Defendants' motion to dismiss requests the court to issue an order (1) dismissing defendants Carter B. Jackson (Johnson) and Dennis Wilson and (2) dismissing several new claims added after the running of the statute of limitations against several of the City Defendants.

3

Having previously denied the plaintiff's motion for remand, this court must now address the City Defendants' motion to dismiss.

## II. Discussion and Legal Analysis
### A. Legal Standard for Granting Motion to Dismiss

A motion to dismiss for failure to state a claim is properly granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). Although the facts alleged in a complaint are assumed to be true for purposes of a motion to dismiss, conclusory allegations and legal conclusions are entitled to no deference in the court's consideration of such a motion. See South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir. 1996)(noting that "conclusory allegations and unwarranted deductions are not admitted as true in a motion to dismiss.")

### B. Defendant, Carter B. Jackson's, also known as Carter B. Johnson, Motion to Dismiss

First, the court must examine Carter B. Jackson's, who is identified as Carter B. Johnson in both the Original and the Amended and Restated Complaint, motion to dismiss. Mr. Jackson (Johnson) states that he filed a motion to dismiss on March 15, 2002 in state court, alleging that he was improperly served. He renewed this motion on July 3, 2003 in state court. On April 14, 2005, the judge in the DeKalb state court granted Mr. Jackson's motion to dismiss for lack of proper service. In the motion to dismiss pending before the court, Mr. Jackson requests this court

4

to dismiss him on *res judicata* grounds.

The court finds it unnecessary to examine whether any claims against Mr. Jackson are barred on *res judicata* grounds, because another ground for dismissal exists. Federal Rule of Civil Procedure ("FRCP") 8(a) requires:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, or third party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Having examined the Amended and Restated Complaint, the court concludes that the plaintiff has failed to make any allegations and/or demand for relief against Carter B. Jackson or Carter B. Johnson. Therefore, the court orders defendant Carter B. Jackson and/or Carter B. Johnson stricken from the caption of the complaint and dismissed from this suit.

### C. Defendant Officer Wilson's Motion to Dismiss

The events that gave rise to this suit occurred at 1:00 a.m. on June 2, 2001, where it is alleged that the plaintiff was falsely arrested and beaten after an incident at The World Bar in Atlanta, Georgia. In the Original Complaint, filed on December 27, 2001, the plaintiff did not name Officer Wilson as a defendant. Instead, the plaintiff referred to an Officer "John Doe Williams." Nearly

5

three years after the incident that gave rise to the current suit, the plaintiff filed a "Motion for Leave of Court to Amend Pleadings and Add and Serve Newly Discovered John Doe Defendants" on May 3, 2004 in state court, replacing Officer "John Doe Williams" with Officer Wilson.  In the Amended and Restated Complaint in Counts I and II filed on April 20, 2005, the plaintiff asserts 42 U.S.C. § 1983 claims against Officer Wilson, alleging that Officer Wilson violated his Fourth and Fourteenth Amendment rights during his arrest on June 2, 2001.  Additionally, the plaintiff has brought several state law claims against Officer Wilson.  Specifically, the plaintiff asserts claims of intentional infliction of emotional distress(Count III), violations of certain provisions of Georgia's Constitution (Count X), assault and battery (Counts XI and XII), and false imprisonment(Count XIV) against Officer Wilson.  In his motion to dismiss, Defendant Officer Wilson argues that the plaintiff's attempt to add him as a new defendant is time-barred.

Before the court can address the merits of Officer Wilson's motion to dismiss, the court must first determine the applicable statute of limitations for each of the claims brought against Officer Wilson.  In doing so, the court notes that 42 U.S.C. § 1983 does not contain a statute of limitations.  In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the United States Supreme Court determined that courts must select and apply the most analogous state statute of limitations to section 1983 claims.  According to the Court of Appeals for the Eleventh Circuit, the proper limitations for all section 1983 personal injury claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33.   <u>Everett v. Cobb County</u>

6

School Dist., 138 F.3d 1407, 1409 (11th Cir. 1998). O.C.G.A. § 9-3-33 provides:

> Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

Thus, where the 42 U.S.C. § 1983 action is based on a personal injury claim, as it is in the current suit, the applicable statute of limitations is two years.   While state law determines the statute of limitations in this case, "federal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).   Under federal law, "the statute of limitations does not begin to run until the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.   In this case, the statute of limitations began to run on the date of the incident, i.e., June 2, 2001.

With regard to the state law claims brought against Officer Wilson, Officer Wilson argues that all of the state torts alleged against him also have two-year statutes of limitations.   The court agrees. See M.H.D. v. Westminster Schools, 172 F.3d 797 (11th Cir. 1999)(assault, battery, and intentional infliction of emotional distress have a two-year statute of limitations under Georgia law). See also Reese v. City of Atlanta, 247 Ga.App. 701 (2001)(a claim of false imprisonment has a two-year statute of limitations under

7

Georgia law). With regard to the plaintiff's claims for violations of the Georgia Constitution, the court can find no precedent for treating such claims differently for statute of limitations purposes from a § 1983 claim. Therefore, the court finds that all of the plaintiff's state law claims are time-barred.

Relying upon O.C.G.A. § 9-11-10, the plaintiff argues that Officer Wilson can be added to the suit. O.C.G.A. § 9-11-10 states:

> In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. A party whose name is not known may be designated by any name; and, when his true name is discovered, the pleading may be amended accordingly.

However, the court concludes that this statute is inapplicable to the situation at hand. Where one has filed a complaint naming a "John Doe" defendant, as the plaintiff has done here, the requirements of O.C.G.A § 9-11-15(c) must be met before the amendment substituting the named party will relate back to the date of the complaint, if service has not been effected before the expiration of the statute of limitations. Harper v. Mayor & Aldermen of Savannah, 190 Ga.App. 637,638 (1989). O.C.G.A. § 9-11-15(c) states:

> Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the

> original pleadings if the foregoing provisions
> are satisfied, and if within the period
> provided by law for commencing the action
> against him the party to be brought in by
> amendment (1) has received such notice of the
> institution of the action that he will not be
> prejudiced in maintaining his defense on the
> merits, and (2) knew or should have known
> that, but for a mistake concerning the
> identity of the proper party, the action would
> have been brought against him.

Therefore, O.C.G.A. § 9-11-15(c) may authorize the addition of a new party defendant and a relation back as to that new defendant, but only if the three elements which are specifically enumerated in that provision have first been satisfied. Swan v. Johnson, 219 Ga. App. 450 (1995). Those three elements are: (1) that the amendment adding the new defendant arose out of the same facts as the original complaint; (2) that the new defendant had sufficient notice of the action; and, (3) that the new defendant knew or should have known that, but for a mistake concerning his identity as a proper party, the action would have been brought against him. Doyle Dickerson Tile Co., v. King, 210 Ga.App. 326,328 (1993). All three elements must be satisfied to invoke the relation back provisions of O.C.G.A. § 9-11-5(c). Id.

Because the plaintiff changed the parties being sued after the statute of limitations for each of the claims had expired, the court finds that the plaintiff's claims against the belatedly-named defendant, i.e. Officer Wilson, are time-barred unless the plaintiff can demonstrate that under O.C.G.A. § 9-11-15(c), the Amended and Restated Complaint naming Officer Wilson relates back to the Original Complaint, which was filed before the statute of

limitations ran.  In this case, the plaintiff argues that his lack of knowledge of the name of Officer Wilson and the lack of cooperation provided by the defendants in obtaining the name of Officer Wilson should provide an excuse for the untimely joiner of Officer Wilson.  The court disagrees.

The court holds that the addition of a party, who was a stranger to the Original Complaint, insofar as notice and knowledge thereof, was not intended to be encompassed within the word "changing" in O.C.G.A. § 9-11-5(c).  See Larson v. C.W. Matthews Contracting Co., 182 Ga.App. 356 (1987)(noting that the substitution of a newly found defendant for a fictitious defendant in personal injury action did not relate back to the filing of the original complaint, where said defendant did not become aware of institution of action until receiving letter from plaintiff's attorney four months after the expiration of two-year statute of limitations.)

While this court finds that the Amended and Restated Complaint adding Officer Wilson as a party arose out of the same conduct, transaction, or occurrence set forth in the Original Complaint, no party in this matter has called to this court's attention any evidence in the record that Officer Wilson received notice of the institution of the action brought via the Original Complaint or that but for a mistake by the plaintiff the action would have been brought against Officer Wilson.  In fact, the plaintiff does not even appear to allege notice, having approached the issue entirely from the position that due diligence on its own part in identifying and correcting the Officer Wilson's name was all that was required.

10

Moreover, the plaintiff admits that his designation of Officer Wilson as "John Doe Williams" was no mistake.  Instead, the plaintiff made such a designation because he lacked knowledge of the correct name of Officer Wilson at the time the plaintiff filed his Original Complaint.  The requisites of O.C.G.A. § 9-11-5(c), not having been met, the court orders Officer Wilson dismissed from the suit.[2]

---

[2]  The court notes that even if the court were to apply the applicable relation back provision of the Federal Rules of Civil Procedure ("FRCP"), i.e., FRCP 15(c)(3), the result would be the same.  FRCP 15(c)(3) provides in part:

> **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when . . . (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In reaching this conclusion, the court holds that lack of knowledge of the correct name of Officer Wilson does not constitute a "mistake concerning the identity of the proper party" for purposes of Rule 15(c)(3)(B).  Wayne v. Jarvis, 197 F.3d 1098 (11th Cir. 1999).  According to Wayne, a plaintiff's lack of knowledge of a party's name and the insertion of a John Doe designation is not an error, a misnomer, or a misidentification, that comes within the relation back exception of Rule 15(c)(3)(B).  Wayne, 197 F.3d at 1103.  Furthermore, the court in Wayne stated that the word "mistake" did not mean "lack of knowledge" and the Wayne court stated that for purposes of Rule 15(c)(3)(B) ignorance of a party's identity does not equate to misnomer or misidentification.  Wayne, 197 F.3d at 1103.

### D. Relation Back of Claims

Next, the court must examine whether new claims that were added by the plaintiff via the Amended and Restated Complaint, after the statute of limitations ran are time-barred against the other City Defendants.  The plaintiff's Original Complaint contained four counts labeled "Conspiracy", "Defamation", "Malicious Prosecution", and "Assault and Battery" as well as a section styled "Compliance with Conditions Precedent."  The City Defendants argue that the plaintiff's only causes of action pled in the Original Complaint were: (1) the conspiracy count against the City and County Defendants and (2) the defamation, malicious prosecution, and assault and battery counts against defendant World Bar and its individual employees. The City Defendants contend that several other claims in the Amended and Restated Complaint against the City Defendants should be dismissed because those claims are time-barred.

First, the City Defendants argue that since the Original Complaint did not mention the torts of intentional infliction of emotional distress and nuisance, which are contained in Counts III, XIII, and XV of the Amended and Restated Complaint, these three claims are time-barred.  Second, the City Defendants contend that the Amended and Restated Complaint in Counts XI and XII contains new claims for assault and battery under state law against various City Defendants, which are time-barred.  The City Defendants argue that such claims are time-barred because the Original Complaint alleged only assault and battery claims against The World Bar and its individuals employees.  Third, the defendants argue that the

12

plaintiff only specifically pled a claim alleging a conspiracy to violate 42 U.S.C. § 1985.  The City Defendants contend that Counts I, II, VII, and VIII of the plaintiff's Amended and Restated Complaint are time-barred because these new claims allege violations of the plaintiff's Fourth and Fourteenth Amendment rights rather than just conspiracy to deny those rights as was done in Count I of the Original Complaint.

While the court acknowledges that the plaintiff's Original Complaint contains only the above specifically pled causes of action, this fact does not end the inquiry into whether the new claims brought in the Amended and Restated Complaint are time-barred.  The court must examine whether the otherwise untimely causes of action brought via the Amended and Restated Complaint relate back to the date the Original Complaint was filed.

O.C.G.A. § 9-11-15(c) governs the relation back of amendments. As a general proposition under that rule, an amendment of a pleading relates back to the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."  Thus an amendment asserting a new claim will relate back so long as the newly asserted claim arises out of the same set of facts alleged in the original complaint. Staffing Resources v. Nash, 218 Ga.App. 525, 526 (1995).

Having examined the Original Complaint and the Amended and Restated Complaint side by side, the court concludes that the City

13

Defendants' arguments lack merit.[3]   All of the claims that the defendants now argue are time barred arose "out of the conduct, transaction, or occurrence set forth" or were attempted to have been set forth by the plaintiff in the Original Complaint.

While the plaintiff did not specifically allege the torts of intentional infliction of emotional distress or nuisance in his Original Complaint, the court holds that Counts III, XIII, and XV of the Amended Complaint arose from the "same set of facts" as the plaintiff's timely filed Original Complaint.

With regard to the City Defendants' argument that Counts XI and XII are time-barred because the plaintiff did not specifically allege assault and battery against the City Defendants in his Original Complaint, the court holds that the plaintiff provided sufficient notice of potential assault and battery claims against the City Defendants in the Original Complaint.   In the Original

---

[3] Even if the court were to apply the applicable provision for the relation back of claims provided for by the Federal Rules of Civil Procedure, i.e. FRCP 15(c)(2), the court would reach the same result.   In order to relate back under FRCP 15(c)(2), the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." Dean v. United States of America, 278 F.3d 1218,1222 (11th Cir. 2002). The critical issue of Rule 15(c)(2) determinations is whether the original complaint gave notice to the defendant of the new claim being asserted. Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993). "When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993).   In this case, all of the claims added in the Amended and Restated Complaint, arose out of the "same set of facts" and the City Defendants had notice via the Original Complaint.

Complaint, the plaintiff stated, that "this is an action for assault, battery, intentional brutality, conspiracy, false arrest, deformation of character, and malicious prosecution by the off duty police officers."  Moreover, the Original Complaint stated:

> Defendants Thomas Ownen Munson, Jr., T.O. Robinson, and John Doe Williams, police officers with the City of Atlanta and defendants Kirk Markham and Scott Reese, deputy sheriffs with the Fulton County Sheriff Department and defendant Eric Ebb and other unknown employees of the World Bar Inc. and each of them hit plaintiff Dana Thomas about the face and grabbed him by the arm and flung him around whereby the other officers and employees of the bar began to beat plaintiff Dana Thomas about the face with metal objects until he was on the ground.  All five (5) defendants along with an employee of the World Bar together continued to kick and beat plaintiff while he was lying helpless on the ground.  All Defendants kicked and beat Plaintiff Dana Thomas with metal objects about his head until he was unconscious.

The court finds that the above was sufficient to put the defendants on notice of the possibility that claims for assault and battery would be brought by the plaintiff.

With regard to the City Defendants' argument that the Original Complaint did not allege the City Defendants' violations of plaintiff's Fourth and Fourteenth Amendment rights, the court notes that the Original Complaint began with the following:

> This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States (R.S. 1979, 42 U.S.C. § 1983 and § 1985 . . .)

15

Moreover, the court concludes that the plaintiff's section styled "Compliance with Conditions Precedent" was an attempt by the plaintiff to set forth various causes of action against the City Defendants for violations of the Fourth and Fourteenth Amendments of the U.S. Constitution. In the Original Complaint, the plaintiff even referred to the section styled, "Compliance with Conditions Precedent", as Count I. In further support for the proposition that the section styled "Compliance with the Conditions Precedent" of the Original Complaint was an attempt to allege § 1983 claims, the Original Complaint stated:

> Each of the individual defendants here separately and in concert engaged in the illegal conduct here mentioned to the injury of plaintiff and deprived plaintiff of the rights, privileges, and immunities secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

Therefore, the court concludes that Counts I, II, VII, and VIII of the Amended and Restated Complaint relate back to the filing of the Original Complaint. The court holds that the allegations made in the section styled "Compliance with Conditions Precedent" of the Original Complaint should have put the defendants on notice of potential § 1983 claims and said claims contained in the Amended and Restated Complaint arose out of the same conduct, transaction, or occurrence set forth or was attempted to have been set forth by the plaintiff in the Original Complaint.

### III. Conclusion

For the reasons stated above, the defendants' motion to dismiss [Doc. No. 4] is GRANTED in part and DENIED in part. First, the court orders defendant Carter B. Jackson (Johnson) STRICKEN from the caption of the complaint and DISMISSED from this suit. Second, the court GRANTS defendant Officer Wilson's motion to dismiss and DISMISSES all claims brought against him. Finally, the court DENIES the City Defendants' motion to dismiss Counts III, XIII and XV (the nuisance and emotional distress claims), Counts XI and XII (the assault and battery claims under state law), and Counts I, II, VII, and VIII (the § 1983 claims) of plaintiff's Amended and Restated Complaint.

SO ORDERED, this 20th day of October, 2005.

ROBERT L. VINING, JR.
Senior United States District Judge

17